Modified.

22 C. C. P. A. (Patents)

In re TAYLOR et al.

Patent Appeal No. 3519.

Court of Customs and Patent Appeals.
June 10, 1935.

644

1926; Stresau, 1,754,063, April 8, 1930; Stresau, 1,754,206, April 8, 1930.

Fay, Oberlin & Fay, of .Cleveland, Ohio (Jno. F. Oberlin, O. C. Limbach, and A. S. Nelson, all of Cleveland, Ohio, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The present appeal is from a decision of the Board of Appeals of the United States Patent Office, which decision affirmed the decision of the Primary Examiner in rejecting claims 51, 52, 53, 54, and 55 of appellants' application for a patent upon certain alleged improvements in coated electrodes for arc-welding. The rejected claims are as follows:

"51. As an article of manufacture for arc-welding usage, a metal rod having an adherent covering comprising substantial proportions of carbohydrate material and asbestos.

"52. As an article of manufacture for arc-welding usage, a metal rod having an adherent covering comprising substantial proportions of carbohydrate material asbestos and a binder.

"53. As an article of manufacture for arc-welding usage, a metal rod having an adherent covering comprising substantial proportions of carbohydrate material, asbestos and a ferro alloy and a suitable binder.

"54. As an article of manufacture for arc-welding usage, a metal rod having an adherent covering comprising substantial proportions of carbohydrate material, asbestos and a ferro alloy and a binder of sodium silicate.

"55. As an article of manufacture for arc-welding usage, a metal rod having an adherent covering comprising substantial proportions of carbohydrate material, asbestos, clay and a ferro alloy and a binder."

They were rejected upon the following references: Armstrong, 1,241,899, October 2, 1917; British patent, 248,363, of

Appellants' product consists of an improved coated electrode for arc-welding. The specification provides that the metallic rod to be used as such electrode is covered with a coating of "hydrocarbon or carbohydrate," such as a cellulose material, finely ground sawdust, flour or middlings, by extrusive processes, which coating is of appreciable thickness. Mixed with this material is a substantial amount of kaolin, ferro manganese, asbestos fiber, sodium silicate, and soap. These materials may vary, but the basic features of the invention are the presence of asbestos and carbohydrate material in such coating.

It is shown that in the prior art it has been the practice to coat said rods with a soap mixture, thus making it easier to hold the arc. It is specified that the carbohydrate material used in appellants' coating is for the purpose of forming carbon monoxide gas, which is said to exclude oxygen from the surfaces of the metal articles being worked that immediately surround the arc. However, it is shown that, if this carbohydrate is used by itself, the conducted heat of the rod will burn the carbohydrate coating prematurely, · and thus the beneficial effect of it at the point of welding will be lost. To prevent this, it is proposed by the appellants to use materials in the coating which will prevent the premature burning and consumption of such carbohydrate, and it is proposed to do this by the use of asbestos fiber, kaolin, and the other ingredients heretofore mentioned. The ferro manganese ingredient is used as a degasifier and deoxidizer. The asbestos fiber, together with the sodium silicate and soap, not only are supposed to serve as binders, but are similarly employed to yield on consumption a slag, by means of which any iron oxide in the weld metal will be dissolved and floated to the surface. This slag also is useful for the purpose of protecting the molten iron from oxidation.

After the rejection of the claims upon the references by the Primary Examiner and Board of Appeals, the appellants made a request for a reconsideration, and, in support of this request, filed the affidavit of Theophil E. Jerabek, an employee in the laboratory of The Lincoln Electric Company, of Cleveland, Ohio, assignee of the application involved herein. ·This affidavit discloses that the affiant made experiments on two welding rods, identical except as to

the composition of the coating. These rods are in evidence. Rod No. 1 is coated with a combination of cellulose, kaolin, and sodium silicate, while rod No. 2 is coated with cellulose, asbestos, and sodium silicate. Affiant states that the rods were subjected to the same electrical arcs for identical periods, and calls attention to the fact that rod No. 1 shows a premature burning of the coating beyond the terminus of the arc, while rod No. 2 has much less of this, the burning being more closely confined to the immediate point of arcing. The crater on rod No. 1 is much deeper, showing drops of molten metal adhering to the walls of the crater. The crater in rod No. 2 shows the face of the metal and the lip of the crater on comparatively the same plane.

The argument made from this affidavit by the appellants is that a greatly improved result has been produced by the use of asbestos, the burning of the coating being confined to the point of arcing and the inert gases produced from the cellulose being, therefore, confined directly to the point of melting in the crater aforesaid. This result is beneficial and new, according to the argument of the appellants. In reply to this, the Board of Appeals states that the differences observable may be caused by a "difference in latitude which might occur between a use of two samples of applicants' particular structure and composition of electrode covering."

The reference patent to Armstrong discloses an electrode for arc-welding, which consists of a metal rod having an inner and outer coating, such as blue asbestos, admixed with sodium silicate or a similar composition, the object of the coating being to act as a slag when fused, which will, in addition to acting as a blanket, cover the deposit of metal and prevent its oxidation from the atmosphere.

The reference Stresau, No. 1,754,063, shows a coated welding rod covered with finely comminuted cellulose flour, which, when fused, produces gases which surround the arc and protect the weld metal from oxidation and contamination. The patentee, in his specification, discloses that this coating will create a "slowly disintegrating sleeve-like gas retaining envelope, so that a crater will be formed by the unconsumed portion thereof which extends a short distance beyond the end or point of the wire 10 at the time of its progressive fusion, and from which the molten metal flowing from the wire is projected in the form of a metallic vapor upon and into the line of the weld." The specification further recites that the crater which the patentee describes will be formed of carbon from the decomposition of the cellulosic constituent. This patent also discloses the use of kaolin as a constituent of the covering material, which it is said will act as a dilutant to reduce the amount of gas generated in the distillation of the materials forming the cellulose and silicate coating or covering of the wire.

The second Stresau patent, No. 1,754,-206, makes a similar disclosure. Both Stresau patents disclose the use of portions of silicate of soda in the coating.

The British patent, No. 248,363, discloses the use of ferro alloys as a coating for welding rods for the purpose of forming a slag to prevent flaws in the weld.

It is quite evident from these references that no new materials are used in appellants' covering material. Each of the constituents, carbohydrate, kaolin, sodium silicate, ferro manganese, and asbestos has been used and was well known in this art. The effects produced by their use, as shown by the art, seem to be the same as the effects which are said to be produced in the specification of appellants in their present application. Counsel for appellants argue that a new and unexpected result is obtained from a composition of asbestos and cellulose, which claim, they contend, is verified by the test of the affiant Jerabek.

No claim is made in the application that the results are any different than were the results obtained from the individual use of the various ingredients of the covering mixture when separately used in the art. The cellulosic material is therein described as a material which produces a protective gas, while the asbestos is used to produce a slag. These were the purposes for which these materials were used in the prior art. If the use of asbestos in conjunction with cellulose produces an unexpected or unobvious result, or if such combination is critical in its nature, the specification does not so recite, and the affidavit of Jerabek makes no contention that the formation of the craters in his experimental welding rods was unobvious or unexpected. It hardly seems that patentability should be conceded because of the investigations of Jerabek.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.